2JAMES L. CANNELLA, Judge.
The Plaintiff, John Lapeyrouse, appeals from a workers’ compensation judgment dismissing his case against the Defendant, East Bank Consolidated Fire Department a/k/a Jefferson Parish Fire Department, for supplemental earnings benefits, penalties and attorney’s fees. We affirm.
The Plaintiff worked as a fireman for the Defendant from 1971 until December 9, 1998, when he sustained a non-fatal heart attack while fighting a fire. In February of 1999, he sought and obtained pension benefits under the Firefighters Heart and Lung Act and receives a retirement income of 99% of his salary. He also received workers’ compensation benefits. On May 5, 2000, the workers’ compensation insurer, Constitution State Services (Travelers) terminated the benefits asserting that the Plaintiff was released to full duty. On May 26, 2000, the Plaintiff filed a claim for reinstatement of benefits in the form of supplemental earnings benefits (SEBs). After discovery and the deposition of the treating physician, Dr. Kevin White, indicated that the Plaintiff had not been released to return to work without further tests, the Defendant agreed to pay benefits from May 5, 2000 through December 9, 2000, along with $2,600 in attorney’s fees. Dr. White released him to return to “office activities” in March |aof 2001. The Plaintiff was not notified of this until November of 2001. A month later, on his own, he obtained a small part-time job with Sellanomix International, earning substantially less than his earnings as a firefighter. The Defendant refused to pay any further benefits, claiming that the Plaintiff was retired and that under the law, the Plaintiff was not entitled to any further payments.
The case went to trial on December 27, 2001. In a judgment issued on February 15, 2002, the workers’ compensation judge found that the Plaintiff retired in February of 1999, and thus he is not entitled to SEB’s. The workers’ compensation judge further concluded that the Defendant was not arbitrary and capricious in terminating the Plaintiffs benefits.
On appeal, the Plaintiff argues that the workers’ compensation judge erred in finding that he is not entitled to SEBs.
The Plaintiff argues that the issue at trial should not have been his retirement, but whether he could return to work as a firefighter. He contends that if he was not able to return to work as a firefighter, and not able to earn wages equal to his prior wages with his current restrictions and capabilities, then the Defendant must provide vocational rehabilitation and attempt to find work for him. The Plaintiff argues that vocational rehabilitation should have commenced on March 27, 2001, when the Plaintiff was released to sedentary duty. Yet, the Defendant never inquired as to whether the Plaintiff could return to work. The Plaintiff contends that he can not earn 90% or more of his previous wages, stipulated to be $966.02, because of his age and physical restrictions and because he only has a high school education.
The Plaintiff asserts that he is a respected member of the community who served *935 for 27 years as a firefighter, 16 years of which he served as a Captain. RHe contends that his testimony was credible and there was no credible evidence that he had retired, yet he was attacked by the Defendant at trial. He argues that the Defendant’s insurer never reviewed his personnel file, which would have disclosed his numerous awards and his commendation for bravery.
The Defendant contends that the evidence shows that the Plaintiff retired in 1999. The Defendant also argues that the Plaintiff obtained employment solely to secure compensation benefits, and that he never requested vocational rehabilitation.
The record reflects that the parties stipulated prior to trial that the sole issue to be resolved was whether the Plaintiff was retired. The Plaintiff also agreed that a retired worker is only entitled to 104 weeks of benefits pursuant to La.R.S. 23:1221(3) (d) (iii), the full sum of which he had already received. R.S. 23:1221(3)(d) (iii) states that, “When the employee retires however, the period during which supplemental earnings benefits may be payable shall not be less than one hundred four weeks.”
The manifest error standard of review applies to factual findings in a workers’ compensation case. Chaisson v. Cajun Bag & Supply Co., 97-1225, p. 13 (La.3/4/98), 708 So.2d 375, 380. In applying the manifest error-elearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Id. Where there are two permissible views of the evidence, a factfinder’s choice of them can never be manifestly erroneous or clearly wrong. Chaisson, at p. 14, 708 So.2d at 381. Thus, if the factfinder’s findings are reasonable in light of the record, the court of appeal may not reverse or modify the judgment. Id.
The Plaintiff admitted that he is a retired fireman. He testified that, after his heart attack in February of 1999, he submitted his request to retire under the | b30 year regular retirement plan. The Plaintiff currently receives a pension of 99% of his salary under that plan. He did not seek disability retirement because the regular retirement pays more than he would receive under disability retirement. Thus, by his own testimony, the Plaintiff is retired. That he is engaged in an odd job to supplement his income does not change his retirement. He clearly intended to withdraw from the work force. He sought regular retirement soon after the accident. He listed himself as retired on medical bills and tax returns and the job he sought and obtained was for approximately 8-14 hours per week. Contrary to the Defendant’s argument, the fact that he obtained this job shortly before trial is irrelevant because he was not notified of his medical release to return to work until shortly before he obtained the odd job. Nevertheless, we find no manifest error in the worker’s compensation judge’s conclusion that the Plaintiff was retired for purposes of workers’ compensation. Furthermore, as there is no provision in the workers’ compensation law that permits a retired worker to receive more than 104 weeks of SEBs, we find that the workers’ compensation judge did not err in finding that the Plaintiff is not entitled to further benefits.
The record also discloses no basis to award penalties and attorney’s fees. Any defect in the payment of his benefits was settled by the parties prior to trial, and attorney’s fees were paid for the Defendant’s actions in terminating his benefits prematurely. Thus, we find no error in the ruling by the workers’ compensation judge denying the Plaintiffs claim for pen *936 alties and attorney’s fees. Accordingly, the workers’ compensation judgment is hereby affirmed.
Costs of the appeal are to be divided by the parties.
AFFIRMED.